# No. 19-30766

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

DENISE A. BADGEROW,

Plaintiff - Appellant

v.

GREG WALTERS; THOMAS MEYER; RAY TROSCLAIR,

Defendants - Appellees

---

**On Appeal from**

United States District Court for the Eastern District of Louisiana

2:19-CV-10353

---

## BRIEF OF PLAINTIFF-APPELLANT Denise Badgerow

---

SUBMITTED BY:

*Amanda Jeanne Butler, Esq.*
Business Law Group
700 Camp Street
New Orleans, LA 70130
Telephone Number: (504) 528-9500

Counsel for Appellant Denise Badgerow

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Appellees:** | **Counsel for Appellees:** |
|---|---|
| Thomas Meyer | Eve Masinter, Ernst Preis, Matthew McCluer of Breazeale, Sachse & Wilson, L.L.P. New Orleans, LA |
| Ray Trosclair | Eve Masinter, Ernst Preis, Matthew McCluer of Breazeale, Sachse & Wilson, L.L.P. New Orleans, LA |
| Greg Walters | Eve Masinter, Ernst Preis, Matthew McCluer of Breazeale, Sachse & Wilson, L.L.P. New Orleans, LA |

| **Appellant:** | **Counsel for Appellant:** |
|---|---|
| Denise Badgerow | Amanda Butler of Business Law Group New Orleans, LA |

s/Amanda Jeanne Butler, Esq.
Attorney of record for
Denise Badgerow

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes this case may be resolved on the record and briefs, and does not request oral argument. Should the Court determine that oral argument is desirable for purposes of the complex procedural history of the case, however, Appellant is prepared to argue the case.

# TABLE OF CONTENTS

Contents Page(s)

CERTIFICATE OF INTERESTED PERSONS .................................................... ii

STATEMENT REGARDING ORAL ARGUMENT .......................................... iii

TABLE OF CONTENTS.................................................................................. iv

TABLE OF AUTHORITIES ...........................................................................1

JURISDICTIONAL STATEMENT .................................................................6

STATEMENT OF THE ISSUES......................................................................6

STATEMENT OF THE CASE.........................................................................7

SUMMARY OF THE ARGUMENT ...............................................................8

PROCEDURAL HISTORY.............................................................................9

ARGUMENT ..................................................................................................12

I. The District Court Erred When It Resolved All Doubts in Favor of Removal.......................................................................................................12

A. Badgerow's Well-Pled Action to Vacate Does Not Invoke Federal Question Jurisdiction..............................................................................15

B. Defendants Never Raised Ameriprise's Joint Employer Claim as the Basis for Federal Question Jurisdiction Under the Look Through Analysis. ............16

II. The District Court Erred in Applying the "Look Through" Analysis of

*Vaden* to §§9-10, Motion to Vacate and Motion to Confirm under the FAA......28

A. Applying the Look Through Analysis in the Present Case Ignores the Well-Pleaded Complaint Rule Articulated in *Vaden.* ..............................................28

III. Even If the Look Through Approach Is Adopted by the Fifth Circuit, the District Court Erred When It Applied the Look Through Analysis....................32

A. The District Court Committed a Manifest Error of Fact When It Concluded that Badgerow Made a Joint Employer Claim Against Defendants. ................33

B. The District Court Committed a Manifest Error of Law When It Included Plaintiff's Claim Against Ameriprise in Its Look Through to the Arbitration. 34

STANDARD OF REVIEW ........................................................................37

CONCLUSION........................................................................................38

CERTIFICATE OF SERVICE ..................................................................39

CERTIFICATE OF COMPLIANCE.........................................................40

# TABLE OF AUTHORITIES

**Cases……………………………………………………………Pages(s)**


*Blood v. Efficient Advisors,* LLC,

Case No. A-17-CA-406 (W.D. Texas June 9, 2017)….……………..........24

*Bosky v. Kroger Tex., LP*,

288 F.3d 208 (5th Cir. 2002)………………….....................................12, 13

*Caterpillar Inc. v. Williams*,

482 U.S. 386, 392 (1987)………………………..……………………...13

*Darue Eng'g & Mfg.*,

545 U.S. 308, 313 (2005)………………………………………………..23

*Doscher v. Sea Port Grp. Sec., LLC*,

832 F.3d 372, 375 (2d Cir. 2016)…….....................................21, 22, 24, 29

*Empire Healthchoice Assurance, Inc. v. McVeigh*,

547 U.S. 677, 699 (2006)………………………………………………..38

*Ford v. Hamilton Invs., Inc.*,

29 F.3d 255 (6th Cir. 1994)……………………………………………...24

*Geman v. SEC*,

334 F.2d 1183 (10th Cir. 2003)…………………………………………….26

*Goldman v. Citigroup Global Markets, Inc.*,

834 F.3d 242 (3d Cir. 2016)……………………………………………..29

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,

545 U.S. 308 (2005)……………………………………..23, 25, 26, 27, 38

*Gunn v. Minton*,

568 U.S. 251 (2013)…………………………………...…………23, 38

*Harrison v. Christus St. Patrick Hosp*.,

432 F. Supp. 2d 648 (W.D. La. 2006)……………..…………………...19, 20

*HealthSpring Life & Health Ins. Co., Inc., v. Texas Health Management LLC*,

Civil Action No. 4:18-CV-242 (E.D. Tex. June 25, 2018)………………...14

*Hood ex. Rel Mississippi v. JP Morgan Chase & Co.,*

737 F.3d 78 (5th Cir. 2013)……………………………………………...38

*Howery v. Allstate Ins. Co*.,

243 F.3d 912, 918 (5th Cir)……………………..……………...13, 23, 25, 27

*Kokkonen v. Guardian Life Ins. Co. of Am*.,

511 U.S. 375 (1994)……………...……………………………………...12

*Lange v. H. Hentz & Co*.,

418 F. Supp. 1376 (N.D.Tex.1976)………………….................................24

*Louisville & Nashville R. Co. v. Mottley*,

211 U.S. 149, 152 (1908)………………………………………………..29

*Low v. Minichino*,

126 Hawaii 99, 267 P.3d 683 (App. 2011)…………………………………15

*Magruder v. Fidelity Brokerage Servs., LLC*,

818 F.3d 285, 288 (7th Cir. 2016)…...…………………………………..29

*Manguno v. Prudential Prop. & Cas. Ins. Co*.,

276 F.3d 720 (5th Cir.2002)……………………………………………..13

*Mansfield, C. & L. M. R. Co. v. Swan*,

111 U. S. 379 (1884)………...…………………………………………..13

*McCormick v. Am. Online, Inc.,*

909 F.3d 677 (4th Cir. 2018)……………………………………...21, 28

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*,

478 U.S. 804 (1986)…………………………….………….........13, 18, 36, 37

*Move Inc. v. Citigroup Global Markets, Inc.*,

840 F.3d 1152 (9th Cir. 2016)………………………………………….…...16

*Nathan v. Carter*,

372 So.2d 560 (La.1979)……………………………………………….…...16

*Oliver v. Trunkline Gas Co.*,

796 F.2d 86 (5th Cir. 1986)……..……………………………………………18

*Ortiz-Espinosa v. BBVA Sec. of Puerto Rico, Inc.*,

852 F.3d 36 (1st Cir. 2017)………..…………………………………...21, 29

*PlainsCapital Bank v. Rogers*,

715 F. App'x 325 (5th Cir. 2017)………………..........................................22

*Shamrock Oil & Gas Corp. v. Sheets*,

313 U.S. 100, 108 (1941)…..…………………………………………....13

*Singh v. Duane Morris LLP*,

538 F.3d 334 (5th Cir. 2008)..……………………………………....25, 26

*Smith v. Rush Retail Centers, Inc.*,

360 F.3d 504 (5th Cir. 2004)…………………………………………………17

*Spear Mktg., Inc. v. BancorpSouth Bank*,

791 F.3d 586 (5th Cir. 2015)……………………………………………..38

*Stockman v. Federal Election Comm'n*,

138 F.3d 144 (5th Cir.1998)………..........................................................12

*Touche Ross & Co. v. Redington*,

442 U.S. 560 (1979)………………………………………………………..18

*Turbine Powered Technology LLC v. Crowe*,

Civil Action No. 6:17-00801 (W.D. La. February 14, 2018)…………….... 28

*Vaden v. Discover Bank*,

556 U.S. 49 (2002)…………………….....6, 7, 8, 14, 16, 17, 21, 28, 29, 31-39

*Veldhoen v. United States Coast Guard*,

35 F.3d 222, 225 (5th Cir. 1994)…………….………………..……13

*Willy v. Coastal Corp.*,

855 F.2d 1160 (5th Cir.1988)……………………………………………35

**Constitutional Provisions and Statutes…………………………………...Page(s)**

9 U.S.C.

§4…………………………………………………16, 28, 29, 30, 31, 32

§9……………………………………………………...……..6, 7, 8, 28, 31

§10……………………………………………..……...6, 7, 8, 28, 31, 28

§11………………………………………………………….............28

15 U.S.C.

17 CFR § 240.17a-3……………………………..13, 17, 18, 20, 21, 22, 25

§ 240.17a-5…………………………………………………………13

17 CFR

§ 240.17a-3………………………………………………..17, 22, 25, 26

§ 240.17a-5…………………………………………………………18

28 U.S.C.

§1291…………………………………………………………………...6

§1331……………………………………………...……..8, 22, 29, 37

§1447(d)……………………...……………………………………….14

La. R.S.

§ 9:4210……………………………………………………...15, 16

§ 23:967…………………………………………10, 15, 17, 22, 23

§ 51:140……………………………………………………..…………..…17

La. Admin. Code 10:XII Section 1205 …………………………………....10

Fed R. Civ. P.

59(e)……………………………………………………………………....6

Fed. R. App. P.

4(a)(1)(A)…………………………………………………………………6

4(a)(4)(A)……………………………………………………………….....6

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 because it is an appeal of a final decision of the U.S. District Court for the Eastern District of Louisiana. The district court's Judgement confirming the Defendants' arbitration award was entered June 27, 2019. ROA.1463.

This appeal is timely filed. The district court's judgement was signed June 27, 2019. ROA.1463. On July 25, 2019, Appellant timely filed a Motion to Alter or Amend the Judgement under Fed R. Civ. P. 59(e). ROA.1631-1643. The district court signed its order denying this motion on August 21, 2019. ROA.1813. Appellant timely filed its Notice of Appeal on September 17, 2019. ROA.1814. The Notice of Appeal was filed within 30 days of the order disposing of the last motion to alter or amend the judgement under Rule 59 and was therefore timely under Fed. R. App. P. 4(a)(1)(A) and 4(a)(4)(A).

## STATEMENT OF THE ISSUES

1. Whether the district court erred when it resolved all doubts in favor of removal.

2. Whether the district court erred in applying the "look through" analysis promulgated by the Supreme Court under *Vaden v. Discover Bank*, 556 U.S.

49(2002) to §9 motion to vacate and §10 motion to confirm arbitration award under the Federal Arbitration Act (FAA).

3. Whether the district court erred when it applied the "look through" analysis to find federal question jurisdiction in an underlying claim in the arbitration that was not the subject of Plaintiff's Action to Vacate and involved a nonparty.

## STATEMENT OF THE CASE

Despite the discrete jurisdictional issue before the district court, the court's order denying Badgerow's Motion to Remand to State Court and granting Defendants' Motion to Confirm an arbitration award paints a disarmingly negative picture of the motives of Denise Badgerow with regard to the Action to Vacate filed in state court. ROA.1457-1463. The court asserts that Badgerow's well-pled complaint amounts to forum shopping and goes so far as to deem Badgerow's arguments contained in her Action to Vacate as "legally frivolous." ROA.1458. It is through this lens that the district court not only finds federal question jurisdiction by employing the "look through" analysis of *Vaden* for §9 and §10 motions to vacate and confirm arbitration awards under the FAA, but goes a step farther by looking through Badgerow's well-pled action to vacate to find federal jurisdiction in an underlying controversy between Badgerow and a nonparty to her action to vacate. ROA.1461. In doing so, the district court committed manifest errors of law and fact.

## SUMMARY OF THE ARGUMENT

Absent diversity jurisdiction, a Plaintiff must show federal question jurisdiction under 28 U.S.C. § 1331. *Vaden*, 556 U.S. at 65, 70. However, whether such federal question exists is not easy when a party is seeking to vacate or confirm a domestic arbitration award. Does the "federal question" have to be an element of the petition itself? Or is it enough that a claim in the underlying arbitration is based on federal law? The federal circuit courts are split on this issue and the Supreme Court has not considered the federal question jurisdiction issue with respect to motions under FAA §§9-10. The district court has assumed that the Fifth Circuit would adopt the more generous view of the First, Second and Fourth Circuits. Plaintiff urges the court to take the more statutorily-driven approach of the Third, Seventh and District of Columbia Circuits which hold that the language of §§9-10 of the FAA does not include the "save for" language which the Supreme Court identified as "driv[ing] our conclusion that a federal court should determine its jurisdiction by 'looking through' the [§4] petition to the parties underlying substantive controversy." *Vaden,* 556 U.S. at 62.

Regardless of which position this Court ultimately determines it should adopt, Plaintiff urges that the "underlying controversy" between Badgerow and the Defendants as set forth in her well-pled action to vacate, does not raise a federal

question. Furthermore, even if this court looks through to the underlying claims, it should only look at controversy "between the parties" to her action to vacate, and not the claims made in the arbitration against a third-party Ameriprise.

## PROCEDURAL HISTORY

On April 17, 2019, in a separate Eastern District of Louisiana action, *Badgerow v. REJ Properties*, Civil Action 17-9492 (the "*REJ Action*"), involving different parties, Ameriprise Financial, Inc. ("Ameriprise") moved for confirmation of the arbitration award "as to itself and the Defendants." ROA.117-127. Ameriprise's motion came after the district court denied non-party to that action REJ Properties, Inc's motion to confirm, stating that REJ "had no standing" to move to confirm an arbitration award that it was not a party to. ROA.287. Defendants made the decision not to intervene and join in Ameriprise's subsequent motion to confirm the arbitration award. Badgerow submitted an opposition to Ameriprise's motion to confirm, objecting only to confirmation of the award as it related to the three nonparties to the REJ Action, Defendants Walters, Meyer and Trosclair. ROA.308-313.

As of May 6, 2019, Defendants had failed to move to confirm the arbitration award and there was no action pending that would have resulted in a judgment in their favor as to Badgerow's arbitration claims. There is no diversity between the

parties and Badgerow had made no federal claims against Defendants in the arbitration. ROA.168-186. Even if Plaintiff had never filed an action to vacate in state court, any later action by Defendants to obtain a judgment confirming the arbitration award would have to be filed in state court and could not be filed in federal court.

On May 6, 2019, Plaintiff filed the action to vacate the arbitration award against Defendants in state court in Orleans Parish, where the arbitration proceeding had been held. ROA.21-41. Plaintiff moved to vacate on the basis of Defendants' fraudulent representations during the arbitration regarding their alleged lack of knowledge of the illegality of their conduct. *Id.* On May 13, 2019, Defendants filed their Notice of Removal. ROA.187-188.

On June 11, 2019 the federal district court granted Ameriprise's Motion to Confirm "without qualification" but the court could not enter a judgment in Defendants' favor because they were not parties to Civil Action 17-9492. ROA.1458.

In her action to vacate, Badgerow alleges that Defendants engaged in a pattern of fraud during the arbitration. ROA.21-41. The fraud concerns whether Defendants knew that the conduct at issue in her Louisiana Whistleblower Claim violated FINRA and SEC regulations (and thus Louisiana law). Badgerow's action to vacate

is based on the subsequent production of documents by a third party, in which the third party twice informed Defendants that the same conduct at issue in Badgerow's Louisiana Whistleblower Claim violated FINRA and SEC regulations (which violates La. Admin. Code 10:XII Section 1205). ROA.21-41, 1036. This knowledge was denied in testimony by Respondent Meyer and was further denied throughout the entire arbitration proceeding by counsel to the Defendants who argued that such conduct was only a violation of Ameriprise policy and not law. ROA.68-88, 90-98.

In its Remand Order, the district court portrayed Plaintiff's conduct as follows: "*This Court is persuaded that Badgerow cannot deprive the Court of subject matter jurisdiction over an action to vacate the award by stripping off a single state law claim as a basis for attacking the award*." ROA.1461. Badgerow did not "strip[] off a single state law claim as a basis for attacking the award." Badgerow did not limit her request for vacation of the arbitration award to "a single state law claim." Badgerow requested vacation of the arbitration panel's dismissals of all claims against the Defendants (but not Ameriprise). ROA.21-41.

The district court suggested that Badgerow, by filing her action to vacate against Defendants in state court, engaged in forum shopping. ROA.1459. The facts demonstrate that it was Defendants who made the decision to create piecemeal litigation over confirmation of the arbitration award. Defendants easily could have intervened in the REJ Action and joined either in REJ's motion to confirm, which

was denied by the Court for lack of standing, or Ameriprise's motion to confirm. Defendants decided not to participate in those two motions to confirm that were filed in the district court – even after the court's denial of REJ's motion to confirm in that action. ROA.193-200; *See also* ROA.287-241, 117-127.

As the district court itself points out, the "*Court could not enter a judgement in Defendants favor because they were not parties to Civil Action 17-9492*." ROA.1458. In fact, had the Defendants brought their own separate action to confirm the arbitration award in federal court, the same jurisdictional issues would be present.

## ARGUMENT

### I. The District Court Erred When It Resolved All Doubts in Favor of Removal.

A cause of action is presumed to remain outside of limited federal jurisdiction until the party asserting jurisdiction establishes the contrary. *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted). Having invoked federal jurisdiction, Defendants had the burden of proving that jurisdiction exists. *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Any doubt as to a court's jurisdiction must be resolved in favor of remand. *See*, *e.g.*, *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002). *See also Manguno v.*

*Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) *("[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand")*. *"Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Federal courts must decline to hear a case whenever it appears that subject matter jurisdiction is lacking. "This is the `first principle of federal jurisdiction.'" *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). The requirement that a court deny jurisdiction where none exists is "inflexible and without exception." *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884). A district court should presume that a lawsuit lies outside its jurisdiction unless and until the party seeking removal has shown the propriety of the court's removal jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). Defendants, as the removing party, had the burden of showing that federal jurisdiction exists, and that removal was proper. *Id.* Any ambiguities should have been construed against removal because the removal statute is strictly construed in favor of remand. *See Bosky,* 288 F.3d at 211. Any doubt as to the district court's jurisdiction must be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). *See also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 (1986) (because the effect of

removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns).

Instead of presuming that it lacked jurisdiction and resolving any doubts against removal, the district court went to some length to determine that jurisdiction exists and held sue sponte that federal question jurisdiction was present based on an argument never raised by Defendants. The district court stated that it would "*err on the side of assuming that the Fifth Circuit would apply the same jurisdictional standards to a motion to vacate an arbitration award that would apply to a motion to compel arbitration*." ROA.1463. The district court's rationale for erring on the side of adopting *Vaden*'s look through approach for motions to vacate was as follows: "*This Court errs on the side of assuming that the Vaden look through approach could apply to a petition to vacate because Badgerow can raise this issue on appeal but if the Court remands this matter for lack of subject matter jurisdiction then the [Defendants] will have no appeal option*." *Id.* at 4.

The district court was mindful of Defendants' inability to appeal a determination that would deny jurisdiction, which turned the presumption on its head. By federal statute, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). This is a rule that any party removing a case knows and risks when filing a notice of removal. Courts should not provide a party who asserts federal question jurisdiction

with the benefit of the doubt because a decision to deny jurisdiction would deprive that party of the ability to appeal the decision.

### A. Badgerow's Well-Pled Action to Vacate Does Not Invoke Federal Question Jurisdiction.

Plaintiff filed her Action to Vacate Arbitration Award in the Civil District Court for the Parish of Orleans pursuant to LA Rev Stat § 9:4210. ROA.21-41. Badgerow's action to vacate cited only to the Louisiana Arbitration Act. ROA.21. Badgerow's action to vacate raises a single issue: whether the arbitration award should be vacated under the Louisiana Arbitration Act because Defendants engaged in fraud during the FINRA arbitration. ROA.21-41 The action to vacate does not seek to relitigate the claims in the arbitration, but instead asks the Louisiana state court to examine Defendants' testimony and conduct during the arbitration in light of documents that were produced to Plaintiff by a third party after the arbitration.

Badgerow's action to vacate seeks an evidentiary hearing to demonstrate that Defendants engaged in fraud. *See, e.g.*, *Low v. Minichino*, 126 Hawaii 99, 267 P.3d 683, 686 (App. 2011) (reversing trial court because it failed to hold evidentiary hearing where fraud was the basis to vacate the arbitration award). Badgerow invoked the equitable jurisdiction of the Orleans Parish Civil District Court to determine whether the doctrines of equitable tolling and contra non valentem should toll the three-month prescriptive period for moving to vacate under Louisiana's

Arbitration Act. *See, e.g.*, *Nathan v. Carter*, 372 So.2d 560 (La. 1979) (overturning and remanding trial court's summary rejection of the doctrine of contra non valentem so that the trial court can review the merits of plaintiff's fraud allegations); *Move Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d 1152 (9th Cir. 2016) (applying the doctrine of equitable tolling to the Federal Arbitration Act's equivalent of the three-month prescription under Louisiana's Arbitration Act).

### B. Defendants Never Raised Ameriprise's Joint Employer Claim as the Basis for Federal Question Jurisdiction Under the Look Through Analysis.

In their Notice of Removal, Defendants incorrectly asserted that Badgerow filed her action to vacate under the Federal Arbitration Act ("FAA"), arguing for the district court to apply a "look-through" analysis to review whether the underlying claims in the arbitration would arise under federal law and would be subject to the district court's jurisdiction if they had been brought directly in federal court. ROA.9. (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009)) ("'A federal court may 'look through' a [9 U.S.C.] § 4 petition to determine whether it is predicated on an action that 'arises under' federal law.'")

First, Badgerow did not file her action under the FAA, but instead filed in state court under Louisiana's Arbitration Act, La. R.S. 9:4210, *et seq*. ROA.21, 23. Second, even if one assumes arguendo that Badgerow had filed her action to vacate

under the FAA, "[i]t is well established that the FAA is not an independent grant of federal jurisdiction." *Smith v. Rush Retail Centers, Inc.*, 360 F.3d 504, 505 (5th Cir. 2004). In order for the district court to vacate an arbitration award under § 10 of the FAA, an independent basis for federal jurisdiction must exist. *Id.* Third, Defendants argued that the district court should apply the holding in *Vaden* to Badgerow's action to vacate and "look through" to the underlying action in the arbitration to determine whether it had subject matter jurisdiction. ROA.9-12.[1] However, the claims that Defendants asserted as providing subject matter jurisdiction are all state law claims, and any references to federal statues are to those that do not provide a private right of action. In their motion to dismiss Badgerow's claims in the FINRA arbitration, Defendants summarized Badgerow's three claims against them, as follows:

> "Badgerow seeks relief and damages under three legal theories: (1) Louisiana Whistleblower Statute (La. R.S. § 23:967); (2) Louisiana Unfair Trade Practices Act ("LUTPA") (La. R.S. § 51:1401, *et seq.*); and (3) under the theory that WMT tortiously interfered with her employment agreement."

ROA.530

**1. The SEC Rule Referenced in Plaintiff's Whistleblower Claim Does Not Provide a Private Right of Action.**

Defendants did not and cannot meet their burden of proving federal question jurisdiction because there is no private right of action under either 17 CFR § 240.17a-

[1] Citing to cases from other circuits where the courts have extended the holding of *Vaden* to motions to vacate.

3 or FINRA Rule 2040.

> [W]here a state law incorporates federal law as the applicable state standard —it has occasionally been suggested that this is enough to confer federal-question jurisdiction. The Supreme Court has now rejected this suggestion, at least for cases in which the state claim is based on a violation of a federal statute for which Congress has declined to provide a private, federal cause of action.

*Oliver v. Trunkline Gas Co.*, 796 F.2d 86, 88 (5th Cir. 1986) (citations omitted). *See also Merrell Dow*, 478 U.S. at 817.

It is well-established that there is no private right of action for a violation of § 17(a) of the Securities Exchange Act of 1934, which is the statute under which 17 CFR § 240.17a-3 was promulgated. *See Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979). In *Touche Ross*, the trustee for a company in bankruptcy alleged that the company's accounting firm, which conducted audits of the company's books and records that were prepared for filing with the SEC pursuant to § 17 (a) of the 1934 Act and 17 CFR § 240.17a-5, was liable for failing to uncover fraudulent representations made by officers of the company. The Supreme Court held that "there is no basis in the language of § 17 (a) for inferring that a civil cause of action for damages lay in favor of anyone." *Touche Ross*, 442 U.S. at 571. During the arbitration, Defendants themselves recognized this verity when they argued that Badgerow had no basis for bringing a private right of action under the SEC and FINRA rules. ROA.496-498, 536-537.

The cases cited by Defendants in their Notice of Removal and Opposition to Remand are cases where the plaintiff had actually asserted – implicitly or explicitly – a federal cause of action. For example, in *Harrison*, the plaintiff's lawsuit alleged state law claims, but also referenced federal law as a component of those claims. *Harrison v. Christus St. Patrick Hosp.*, 432 F. Supp. 2d 648, 649 (W.D. La. 2006). In the motion to remand decision in *Harrison*, the Magistrate Judge recommended that the case be remanded for lack of subject matter jurisdiction because the plaintiff did not explicitly assert a cause of action or seek a remedy under the Emergency Medical Treatment and Active Labor Act ("EMTALA"). *Id.* The district court rejected the recommendation and found that the plaintiff's claim depended on the resolution of substantial questions of federal law because the plaintiff specifically alleged a right to recover for violations of the EMTALA, i.e., "improper emergency room screening and/or treatment based upon the plaintiff's ability to pay," even though the plaintiff failed to reference the statute. *Id.* at 650-51.

The *Harrison* court's denial of the motion to remand and its decision that there was federal question jurisdiction can best be understood in conjunction with a reading of the same court's decision dismissing plaintiff's case in its entirety, decided the day before the decision denying the motion to remand. *See Harrison,* 432 at 591. In dismissing the plaintiff's claims that the hospital defendants were required to give the same discounts to non-indigent uninsured emergency room

patients as are given to Medicare, Medicaid and managed care patients, the court in *Harrison* explicitly found that the plaintiff had "artfully deleted all references to federal law" in an effort to defeat federal court jurisdiction. *Id.* at 595. The court found that the Plaintiff was sub silentio attempting to assert a cause of action under the EMTALA:

> In the instant case, plaintiff's complaint attempted not to invoke the EMTALA to defeat federal jurisdiction, but allegations regarding emergency room admission and treatment create a federal question pursuant to the EMTALA and the plaintiff has failed to sufficiently allege the personal or economic harm necessary to support a private action under EMTALA.

*Id.* at 596. In addition, the *Harrison* court found that a determination of the merits of the plaintiff's argument "raises questions of federal health care policy" and "would mandate an interpretation of federal statutes governing Medicare, Medicaid and reimbursements under those programs." *Id.* at 650. *Harrison* is thus inapposite to the facts here, where: 1) Badgerow is not seeking to assert a private right of action under federal law; 2) the federal law that Badgerow referenced in her action to vacate does not permit a private right of action; and 3) Badgerow's reference to federal law raises no question of federal policy on any issue.

In *McCormick v. Am. Online, Inc.*, the party seeking to vacate the arbitration award had sought relief in the arbitration for violations of the Stored Communications Act. *McCormick v. Am. Online, Inc.,* 909 F.3d 677, 684 (4th Cir.

2018). The Court held, after applying the look-through test, that Plaintiff's claims could have been litigated in federal court absent the arbitration agreement. *Id.* Similarly, in *Ortiz-Espinosa v. BBVA Sec. of Puerto Rico, Inc*., 852 F.3d 36, 47 (1st Cir. 2017), the plaintiff's underlying claim in the arbitration was specifically a claim under the Securities Exchange Act of 1934.

In *Doscher v. Sea Port Grp. Sec., LLC,* the plaintiff had filed a motion to vacate in federal court, asserting that there was federal question jurisdiction based on the arbitration panel's failure to "to enforce FINRA Rule 13505, which provides, in full, that '[t]he parties must cooperate to the fullest extent practicable in the exchange of documents and information to expedite the arbitration.'" *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 375 (2d Cir. 2016). The *Doscher* court affirmed the trial court's ruling that the plaintiff's motion to vacate, alleging that the arbitrator violated a FINRA rule, did not raise a federal question because FINRA rules are not federal law. *Id.*

The Second Circuit in *Doscher* decided to overturn its own precedent and hold for the first time that the Supreme Court's look-through approach in *Vaden* applied to motions to vacate under the FAA. The Second Circuit explicitly did not find that "federal subject matter jurisdiction existed based on alleged violations of the SEA," as Defendants asserted in their Notice of Removal. ROA.485. Because the trial court had dismissed the motion to vacate without looking through to the underlying

claims in the arbitration, the Second Circuit reversed and remanded the dismissal of plaintiff's motion to vacate so that the district court could determine whether those claims created federal question jurisdiction. *Doscher*, 832 F.3d at 388.

In contrast to the cases cited by Defendants in their opposition to Badgerow's Motion to Remand, Badgerow has never alleged "a right or immunity" created by Federal law. Badgerow never claimed that she had a private right of action under the SEA nor has she claimed damages for Defendants' violation of 17 CFR § 240.17a-3. Instead, Badgerow has asserted that when she complained about Defendants' violations of SEC and FINRA rules, she was terminated in violation of Louisiana's Whistleblower Act. ROA.177

**2. Plaintiff's Whistleblower Claim Does Not Raise a Necessary, Substantial Federal Issue.**

Absent reference to a federal statute that creates a private cause of action, the grounds for finding federal question jurisdiction over a state cause of action are extremely limited. "In cases lacking a federal cause of action, the Supreme Court has clearly upheld jurisdiction under § 1331 in only four instances." *PlainsCapital Bank v. Rogers*, 715 F. App'x 325, 328 (5th Cir. 2017) (quotation marks and citation omitted). The Defendants did not even attempt to meet their burden of proving that Badgerow's reference to 17 CFR § 240.17a-3 falls within the "special and small category of cases" that warrant exercise of the district court's federal question

jurisdiction.

The test for determining whether Badgerow's claim is within that narrow class of cases where the federal law referenced does not provide a private right of action is as follows:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

*Gunn v. Minton*, 568 U.S. 251, 1065 (2013) (citing *Grable & Sons Metal Prods. v. Darue Eng'g*, 545 at 308,314 (2005). The only prong of the test that favors Defendants is that the federal law issue is actually disputed by Defendants. None of the other prongs of the *Grable* test are met here.

**a. Federal Law is Not Necessarily Raised in Plaintiff's Claim.**

Defendants cannot prove that Badgerow's underlying Whistleblower claim meets the first prong of the *Grable* test, i.e., that Plaintiff's state-law claim "necessarily raises a stated federal issue." *Grable*, 545 U.S. at 314. This Court has held that if there is another basis for relief in the state claim without reference to federal law, then there is no federal question jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d at 918 (5th Cir.). "As an alternate theory supporting a single claim, the federal question is not a necessary element of the state claim, and thus does not create federal question jurisdiction." *Id.* Even if one assumes arguendo that

Plaintiff's Louisiana Whistleblower Claim alleging retaliation for notifying REJ of its violation of the SEC and FINRA rules raised a federal question, this would not be enough to confer federal question jurisdiction.

In the FINRA arbitration, Badgerow alleged that she was wrongfully terminated because she notified Defendants and Ameriprise of improper payment of her commissions, in violation of the law. One of the rules that Defendants violated is a FINRA Rule 2040. Badgerow's termination for notification of a violation of FINRA Rule 2040 would, alone, constitute grounds for liability under the Louisiana Whistleblower Act. It is well-settled that a violation of a FINRA rule does not confer federal question jurisdiction. *See, e.g.*, *Doscher* 832 F.3d at 375-77. (FINRA rules are not federal law and allegations of violations of FINRA rules do not create federal question jurisdiction); *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 259 (6th Cir. 1994) ("[a] breach of the [FINRA] rules does not present a question that arises under the laws of the United States within the meaning of 28 U.S.C. § 1331"); *Blood v. Efficient Advisors, LLC,* Case No. A-17-CA-406 (W.D. Texas June 9, 2017) (noting that a breach of FINRA rules does not present a federal law question); *Lange v. H. Hentz & Co.,* 418 F. Supp. 1376, 1380-81 (N.D.Tex.1976) (same, under NASD - predecessor to FINRA - rules). The allegation based on alternative conduct – the violation of FINRA Rule 2040 – as the reason that Defendants retaliated against Badgerow, demonstrates that Badgerow's claim does not necessarily raise an issue

of federal law. *See Howery,* 243 F.3d at 918.

**b. Defendants' Violation of 17 CFR § 240.17a-3 Does Not Raise a Substantial Question of Federal Law.**

Badgerow's reference to 17 CFR § 240.17a-3 in her FINRA Statement of Claim does not raise a substantial question of federal law. The significance of the question of federal law is not determined by the federal law's relevance to the dispute, but to federal jurisprudence. The federal right at issue must be "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. There is no substantial federal right, and no federal interest in having Badgerow's case decided in federal court. In *Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008), the plaintiff brought a legal malpractice case in state court against his attorney for his attorney's handling of a federal trademark lawsuit that the plaintiff lost. To prove his malpractice case, Singh would have had to demonstrate that, but for the attorney's conduct, he would have won the prior lawsuit. *Id.* The attorney removed the malpractice case to federal court, claiming that the argument that the attorney had failed to present evidence of secondary meaning under federal trademark law created a federal question that invoked the court's subject matter jurisdiction. *Id*. at 337. The trial court denied the plaintiff's motion to remand, and the Fifth Circuit reversed.

> [T]this case involves no important issue of federal law. Instead, the federal issue is predominantly one of fact — whether Singh

> had sufficient evidence that his trademark had acquired secondary meaning. Though obviously significant to Singh's claim, that issue does not require 'resort to the experience, solicitude, and hope of uniformity that a federal forum offers.' [Grable, 545 U.S.] at 312, 125 S.Ct. 2363.

*Id.* at 339.

The interpretation of 17 CFR § 240.17a-3 in Badgerow's underlying Whistleblower claim in the arbitration does not require "resort to the experience, solicitude, and hope of uniformity that a federal forum offers." The SEC rule is not a statute under which parties are seeking redress in federal court; it is a rule adopted pursuant to a federal statute that provides no private cause of action. The SEC rule is a regulation that is enforced by the SEC. Any uniformity needed to interpret 17 CFR § 240.17a-3 is provided by the SEC, largely, if not exclusively, outside of the federal judicial system. Cases that refer to the SEC's "books and records" regulations typically concern whether liability should attach or what liability should attach for violations of the rules, not the interpretation of the regulations themselves. *See, e.g.*, *Geman v. SEC*, 334 F.2d 1183 (10th Cir. 2003) (upholding SEC sanctions for conduct, including aiding and abetting the violations of SEC recordkeeping regulation; sanctions including disbarment for three years and $200,000 fine). The interpretation of 17 CFR § 240.17a-3 in Badgerow's arbitration does not constitute a substantial question of federal law. Compare *Grable*, 545 U.S. at 315 (ruling that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court").

### c. The Exercise of Jurisdiction Over Plaintiff's Whistleblower Case Would Disrupt the State-Federal Balance.

This Court described the dangers of federal courts assuming jurisdiction over state law claims that merely reference federal law.

> An expansive interpretation of the federal question statute to allow federal courts to assert jurisdiction over cases with tangential and inessential federal components would step upon the authority of state courts to decide state law and ignore the capacity of state courts to decide questions of federal law. It would allow a federal tail to wag the state dog. Franchise Tax Board recognized as much with its insistence that the federal question be substantial before a federal court takes jurisdiction over a case stating only state law claims.

*Howery* 243 F.3d at 918-19. *See also Grable*, 545 U.S. at 318-19 (discussing the prevalence of federal law violations that form the foundation of routine state tort causes of action).

The exercise of federal jurisdiction over a Louisiana state whistleblower claim would provide precedent for the federalization of any state whistleblower claim that alleged, as the conduct that resulted in retaliation, the disclosure of federal law violations that are incorporated by reference in state law. Numerous cases within the Fifth Circuit and elsewhere have declined to find federal jurisdiction for state law claims where the plaintiff merely referenced federal law. *See Turbine Powered Technology LLC v. Crowe*, Civil Action No. 6:17-00801 (W.D. La. February 14, 2018) (discussing collected cases).

## II. The District Court Erred in Applying the "Look Through" Analysis of *Vaden* to §§9-10, Motion to Vacate and Motion to Confirm under the FAA.

*Vaden* only decided how to determine federal jurisdiction in a petition to compel arbitration, under the unique text of 9 U.S.C. § 4. It remains an unanswered question, with a developing conflict among the circuits, whether the "look through" approach should also apply to petitions to confirm, vacate, or modify an arbitration award, under §§9–11 of the FAA. The Fifth Circuit has not yet weighed in. The district court has assumed for purposes of its rulings that this Court will adopt the view of the First, Second, and Fourth Circuits, and apply *Vaden*'s "look through" analysis to all petitions brought under the FAA, instead of taking the more statutorily focused view of the Third, Seventh and D.C. Circuits. The latter circuits limit *Vaden's* "look through" analysis to its original context, § 4 petitions to compel arbitration.[2]

### A. Applying the Look Through Analysis in the Present Case Ignores the Well-Pleaded Complaint Rule Articulated in *Vaden.*

The Third Circuit's rationale for limiting *Vaden's* "look through" analysis

[2] Compare *Goldman v. Citigroup Glob. Mkts., Inc.*, 834 F.3d 242, 254 (3d Cir. 2016) (declining to apply *Vaden* to questions of federal question jurisdiction over motion to vacate arbitration award brought under § 10 of the FAA), and *Magruder v. Fidelity Brokerage Servs., LLC*, 818 F.3d 285, 288 (7th Cir. 2016) (holding district courts may not look through actions brought under §9 and § 10 of the FAA), with *McCormick v. America Online, Inc.*, 909 F.3d 677 (4th Cir. 2018) (when determining subject-matter jurisdiction over § 10 and § 11 motions, courts should look to the nature of the underlying claim in dispute, just as is done with respect to § 4 petitions to compel arbitration*); Ortiz-Espinosa v. BBVA Secs. of P.R., Inc.*, 852 F.3d 36 (1st Cir. 2017) ("[T]he look through approach cannot be limited to § 4 petitions to compel") and *Doscher v. Sea Port Grp. Secs., LLC*, 832 F.3d 372, 388 (2d Cir. 2016) (holding the look through approach may be applied to determine federal question jurisdiction over actions brought under § 10 of the FAA).

focuses on the Supreme Court's own emphasis in its ruling that it was doing nothing to disturb the well-pleaded complaint rule or the general proposition that the FAA provides no federal cause of action. *Goldman v. Citigroup Global Markets, Inc.*, 834 F.3d 242 (3d Cir. 2016). Specifically, the Supreme Court reaffirmed that federal question jurisdiction under 28 U.S.C. § 1331 works the same for FAA suits as for any others, so that, "[u]nder the longstanding well-pleaded complaint rule, ... a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Id.* at 60 (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). The Supreme Court also said, "*t]he body of federal substantive law generated by [the FAA] is equally binding on state and federal courts. ... [The FAA] bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the dispute. Given the substantive supremacy of the FAA, but the Act's nonjurisdictional cast, state courts have a prominent role to play as enforcers of agreements to arbitrate.*" *Id.* at 59 (internal quotation marks, editorial marks, and citations omitted).

In explaining why the well-pleaded complaint rule was relaxed for § 4 petitions to allow look-through to the underlying dispute's subject-matter, the Supreme Court focused on the unique language of that portion of the statute, saying, *"[t]he text of § 4 drives our conclusion that a federal court should determine its*

*jurisdiction by 'looking through' a § 4 petition to the parties' underlying substantive controversy*." *Id.* at 62. According to that text:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4 (emphasis added). *Id.* The Supreme Court concluded that "[t]he phrase 'save for [the arbitration] agreement' indicates that the district court should assume the absence of the arbitration agreement and determine whether it 'would have jurisdiction under title 28' without it." *Id.* citing *Vaden*, 556 U.S. at 62.

In addition to giving effect to the words of that provision, the Supreme Court reasoned that failing to look through a § 4 petition to the underlying dispute would have "curious practical consequences":

> It would permit a federal court to entertain a § 4 petition only when a federal-question suit is already before the court, when the parties satisfy the requirements for diversity-of-citizenship jurisdiction, or when the dispute over arbitrability involves a maritime contract. [Failing to look through] would not accommodate a § 4 Plaintiff who could file a federal-question suit in (or remove such a suit to) federal court, but who has not done so. In contrast, when the parties' underlying dispute arises under federal law, the "look through" approach permits a § 4

> Plaintiff to ask a federal court to compel arbitration without first taking the formal step of initiating or removing a federal-question suit – that is, without seeking federal adjudication of the very questions it wants to arbitrate rather than litigate.

*Id.* at 65. Neither the textual nor practical considerations noted by the Court in *Vaden* apply in a case relying on §§9-10 of the FAA. Both sections lack the critical "save for such agreement" language that was central to the Supreme Court's *Vaden* opinion. For example, § 10 provides that "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration ... ." 9 U.S.C. § 10. There is no reference to the subject matter of the underlying dispute. Thus, while § 4 calls for a court to consider whether it would have jurisdiction over the "subject matter of a suit arising out of the controversy between the parties," § 10 makes no such demand. *Id.* As discussed above, Plaintiff's action to vacate contains no reference to federal laws that provide a private right of action and Badgerow seeks no relief under federal law. ROA.21-41.

The district court's approach of applying the "look through" analysis to Badgerow's action to vacate and to the Defendants' §10 motion to confirm might be an attempt to prevent the absurdity of an interpretation that permits parties to file motions to compel in federal court where the underlying dispute raises a federal question, but precludes them from seeking the same federal court's aid under the

FAA's other provisions. But that approach, inviting all comers into federal district court, despite the fact that the FAA alone cannot support jurisdiction, and where a federal question is not shown on the face of the petition, fails to consider the wave of unanswered questions that would then arise. For instance, if district courts should "look through" petitions to confirm or vacate arbitration awards, how far back should they look? The Supreme Court itself was split on the issue of which controversy the district courts should look to under § 4 of the FAA. *Vaden*, 566 U.S. at 72.[3] Moreover, what if there are multiple underlying controversies and multiple parties, as are present in Badgerow's arbitration? Is *Vaden* applicable to determine questions of diversity jurisdiction or only federal question jurisdiction?

Notably, a party that is foreclosed from bringing a petition to confirm or vacate in federal court has a recourse in state court. It is Plaintiff's contention that while, enforcing the well-pleaded complaint rule in this context, and requiring that federal jurisdiction be shown on the face of the petition, might exclude some cases from a federal forum, it would be consistent with other situations where federal courts simply do not have jurisdiction over a particular case.

## III. Even If the Look Through Approach Is Adopted by the Fifth Circuit, the District Court Erred When It Applied the Look Through Analysis.

---

[3] *See* Chief Justice Roberts' dissent stating, "*I agree with the Court that a federal court asked to compel arbitration pursuant to §4 of the Federal Arbitration Act should 'look through' the dispute over arbitrability in determining whether it has jurisdiction to grant the requested relief.* ***But look through to what?*** *The statute provides a clear and sensible answer: The court may consider the §4 petition if the court 'would have' jurisdiction over 'the subject matter of a suit arising out of the controversy between the parties.' 9 U. S. C. §4.*" **emphasis added.**

Even if one assumes arguendo that the district court is required to look through Badgerow's action to vacate to determine whether the underlying claims in the arbitration invoke federal question jurisdiction, there still is no basis for finding that the district court has subject matter jurisdiction because the language that *Vaden* relies on, requires courts to look through to the "suit arising out of the controversy between the parties." *Vaden* 556 U.S. at 52.

In its order, the district court denied Plaintiff's motion to remand and concluded that there was subject matter jurisdiction over Plaintiff's action to vacate and the Defendants' motion to confirm. However, the district court based subject matter jurisdiction on an arbitration claim against a non-party to the lawsuit, i.e., Ameriprise. Badgerow does not know whether the district court mistakenly concluded that Badgerow had made a joint employer claim against Defendants or whether the district court determined that Badgerow's joint employer claim against non-party Ameriprise should be considered in deciding federal question jurisdiction. Either way, the district court erred.

### A. The District Court Committed a Manifest Error of Fact When It Concluded that Badgerow Made a Joint Employer Claim Against Defendants.

"[T]he award was based on state law as well as federal law because Badgerow included as part of the arbitration her joint employer claims [sic] that were grounded

on federal employment law." ROA.1464. The Court then concluded that the federal law claim that Badgerow asserted in the arbitration against Ameriprise Financial Inc. could be the basis for federal question jurisdiction in the present case that does not include Ameriprise. ROA.1464. The district court's conclusion is a manifest error of fact.

Plaintiff never asserted a federal joint employer claim against Defendants Walters, Meyer, and Trosclair. Badgerow's only claims against Defendants Walters, Meyer, and Trosclair in the FINRA arbitration were state law claims, as Defendants confirmed in their own FINRA Motion to Dismiss. ROA.530. Badgerow only asserted a "joint employer claim" against Ameriprise, a nonparty to her action to vacate and a nonparty to Defendants motion to confirm. ROA.183. Under the look through approach, the three state claims against Defendants do not create federal question jurisdiction.

### B. The District Court Committed a Manifest Error of Law When It Included Plaintiff's Claim Against Ameriprise in Its Look Through to the Arbitration.

In denying Plaintiff's motion to remand, the district court stated that Badgerow had asserted "joint employer claims" and referred to an arbitration award that "included federal claims." ROA.1462. Plaintiff's only joint employer claim in the FINRA arbitration was against Ameriprise. The district court nevertheless

included Plaintiff's joint employer claim against Ameriprise when it conducted its look through analysis and determined that the joint employer claim conferred federal question subject matter jurisdiction for the Defendants Motion to Confirm.

Federal subject matter jurisdiction using the look through approach should be based solely on the dispute "between the parties." Even if the "look through' approach" adopted in *Vaden* were applicable to motions to vacate and confirm, there is still no federal question jurisdiction here. The district court committed a manifest error of law when it looked at allegations against a non-party to determine subject matter jurisdiction because the language in Vaden specifically requires looking through to the underlying controversy "between the parties."

Badgerow never alleged that Ameriprise's dismissal in the arbitration was procured by fraud and Badgerow never moved to vacate the arbitration award against Ameriprise, she only opposed the confirmation of the award as it related to the Defendants who were not parties to Badgerow's federal suit. ROA.308-313. Badgerow did not name Ameriprise as a defendant in the action. "*Jurisdiction may not be sustained on a theory that the plaintiff has not advanced*." *Merrell Dow*, 478 U.S. at 809. *See also Vaden*, 556 U.S. at 68 (footnote omitted) (a determination of jurisdiction "*does not invite federal courts to dream up counterfactuals when actual litigation has defined the parties' controversy*.").

In *Vaden* the Supreme Court held that "a federal court should determine its jurisdiction by 'looking through' a § 4 petition to the parties' underlying substantive controversy." *Vaden*, 556 at p. 58-72. *See also Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir. 1988) (a federal court should "determine federal jurisdiction from only those allegations necessary to state a claim"). The Supreme Court in *Vaden* reversed the Fourth Circuit, finding that the Court of Appeals had "misidentified the dimensions of the 'controversy between the parties' by grounding jurisdiction on a counterclaim rather than upon the actual claims asserted by the Plaintiff. *Vaden*, 556 U.S. at 58-62.

Here, the "substantive controversy" between Badgerow and Defendants is three state law claims. By looking through the arbitration demand and basing subject matter jurisdiction upon Badgerow's claim against a non-party to this action, the district court disregarded the holding in *Vaden* and committed a manifest error of law.

If the district court's decision to apply the look through approach to motions to vacate arbitration awards is a corollary to the *Vaden* holding, then it is important to determine whether the dispute at issue here would have created federal question jurisdiction under the exact scenario in *Vaden*. Assuming Badgerow had moved to compel arbitration against these Defendants, would there be federal question jurisdiction? The answer is obviously no. Plaintiff's only claims against Defendants

are three state law claims, none of which confer federal question jurisdiction.

As discussed above, there are only two bases for finding that a reference to federal law in a state law cause of action confers federal question jurisdiction. First, Defendants must demonstrate that Plaintiff references a federal law that provides a private right of action. *See Merrell Dow,* 478 U.S. at 817. ("*We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States*.' 28 U. S. C. § 1331.") Second, if the federal law referenced by Badgerow does not provide a private right of action, Defendants must show that Badgerow's claims fit into the "special and small" category of cases in which a state law cause of action involves important federal issues giving rise to federal question jurisdiction. *Gunn v. Minton*, 568 U.S. at 1064 (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). *See also Grable* 545 at 313.

## STANDARD OF REVIEW

The denial of a motion to remand a case to state court is reviewed de novo. *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 591 (5th Cir. 2015). "Any ambiguities are construed against removal and in favor of remand to state court."

*Hood ex. Rel Mississippi v. JP Morgan Chase & Co.,* 737 F.3d 78 (5th Cir. 2013). "*The right of removal is entirely a creature of statute and a suit commenced in state court must remain there until cause is shown for its transfer under some act of Congress." Id.* "*It is to be presumed that a cause lies outside this limited federal jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.*" *Id.*

## CONCLUSION

For the reasons stated above, the district court erred in denying Badgerow's motion to remand and for costs and confirming the Defendants arbitration award because it lacked jurisdiction.

Badgerow respectfully requests that this Court reverse the district court's denial of its motion to remand and for costs and order this case remanded back to Parish of Orleans Civil District Court, State of Louisiana, with the costs for such remand and this appeal assessed Defendants.

SUBMITTED BY:
S/Amanda Jeanne Butler
Amanda Jeanne Butler
LA Bar Roll Number 31644
Business Law Group
700 Camp Street
New Orleans, LA 70130

## CERTIFICATE OF SERVICE

I certify that on November 5, 2019, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the following registered CM/ECF users:

Eve Masinter of Breazeale, Sachse & Wilson, L.L.P. New Orleans, LA
Ernst Preis of Breazeale, Sachse & Wilson, L.L.P. New Orleans, LA
Matthew McCluer of Breazeale, Sachse & Wilson, L.L.P. New Orleans, LA

*S/Amanda Jeanne Butler*
Amanda Butler, Esq.
La Bar Roll Number 31644

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. *32(a)(7)(B)* because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) this document contains 9,301 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using *Word 2010* in 14-point Times New Roman font.

*S/Amanda Jeanne Butler*
Amanda Butler, Esq.
La Bar Roll Number 31644

4813-6142-7371, v. 3