# No. 19-30766

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

DENISE A. BADGEROW,

Plaintiff - Appellant

v.

GREG WALTERS; THOMAS MEYER; RAY TROSCLAIR,

Defendants - Appellees

---

**On Appeal from**

United States District Court for the Eastern District of Louisiana

2:19-CV-10353

---

## REPLY BRIEF OF APPELLANT Denise Badgerow

---

SUBMITTED BY:

Amanda Jeanne Butler
Business Law Group
700 Camp Street
New Orleans, LA 70130

# TABLE OF CONTENTS

Contents Page(s)


TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... 1

INTRODUCTION .......... 2

ARGUMENT .......... 4

I. BADGEROW NEVER ASSERTED TITLE VII OR EPA CLAIMS IN THE ARBITRATION AND SUCH CLAIMS WERE NEVER PART OF THE ARBITRAITON AWARD. .......... 4

II. BADGEROW'S ACTION TO VACATE IN STATE COURT WAS NOT GOVERNED BY THE FAA AND THE FAA DOES NOT CONFER JURISDICTION. .......... 9

III. THE DISTRICT COURT NEVER RETAINED CONTINUING JURISDICTION IN BADGEROW V. REJ .......... 11

IV. BADGEROW NEVER SOUGHT TO ENFORCE ANY DUTY OR LIABILITY UNDER THE FEDERAL SECURITIES LAWS. .......... 12

V. COURTS HAVE ROUTINELY HELD THAT REFERENCES TO FINRA RULES, SUCH AS THE REFERENCE IN BADGEROW'S WHISTLEBLOWER CLAIM, DO NOT CREATE FEDERAL QUESTION JURISDICTION. .......... 13

CONCLUSION .......... 18

CERTIFICATE OF SERVICE .......... 19

CERTIFICATE OF COMPLIANCE .......... 19

# TABLE OF AUTHORITIES

## Cases

*Apollo Prop. Partners, LLC v. Newedge Fin., Inc.*,
No. CIV.A. H-08-1803, 2009 WL 778108, at *2 and n.14 (S.D. Tex. Mar. 20, 2009) .......... 15
*Blood v. Efficient Advisors, LLC*,
Case No. A-17-CA-406-SS at 6 (W.D. Tex. Jun. 8, 2017) .......... 15
*Cavallaro v. Mendelsohn*,
Civ. Action No. 19-10508-FDS (D. Mass. May. 9, 2019) .......... 15
*Dervan v. Gordian Grp. LLC*,
No. 16-CV-1694, 2017 WL 819494, at *9 (S.D.N.Y. Feb. 28, 2017) .......... 16
*Energy Mgmt. Servs., LLC v. City of Alexandria*,
739 F.3d 255, 260 (5th Cir. 2014) .......... 11
*Fabricius v. Freeman*,
466 F.2d 689, 693 (7th Cir. 1972) .......... 11
*Ffrench v. PricewaterhouseCoopers Corporate Fin., LLC*,
CIVIL ACTION NO. H-12-0291 at pg. 6 (S.D. Tex. May. 24, 2012) .......... 7
*Franchise Tax. Bd. of Cal.*,
463 U.S. 1 at 27-28 .......... 2
*Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc.*,
149 F.3d 330, 331-32 (5th Cir.1998) .......... 14
*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375, 377 (1994) .......... 1
*Manguno v. Prudential Prop. & Cas. Ins. Co.*,
276 F.3d 720, 723 (5th Cir. 2002) .......... 5
*NASDAQ OMX Group, Inc. v. UBS Securities, LLC*,
770 F.3d 1010 (2d Cir. 2014) .......... 14
*Turbeville v. Fin. Indus. Regulatory Auth.*,
874 F.3d 1268 (11th Cir. 2017) .......... 3, 13, 14
*Vaden v. Discover Bank*, 556 U.S. 44, 50 (2009) .......... 10

## Statutes

15 U.S.C. § 78aa .......... 2
9 U.S.C. § 4 .......... 10

## INTRODUCTION

"It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A court first looks to the Plaintiff's complaint to determine whether "federal law creates the cause of action or. . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax. Bd. of Cal.*, 463 U.S. 1 at 27-28.

Badgerow never asserted a federal cause of action against the Principals in her Action to Vacate.[1] Therefore, the sole issue in this appeal is whether the Principals, as the removing parties, have met their burden of proving that Badgerow's right to relief in her Action to Vacate the FINRA arbitration award "necessarily depends on resolution of a substantial question of federal law." *Id.* In the Brief of Appellees, Greg Walters, Thomas Meyer and Ray Trosclair ("Br."), the Principals raise baseless arguments and inapplicable case law to mask their failure to meet the burden of proof. *See, e.g.,* Br. 1 (arguing that district court

[1] This is true even if this Court were to apply the "look through" approach from *Vaden v. Discover Bank*, 556 U.S. 49 (2009) to actions to vacate arbitration awards. This Court can assume for purposes of analysis, without holding, that *Vaden* applies to actions to vacate arbitration awards. The result is the same. There is no federal question jurisdiction here. For purposes of this Reply Brief, Badgerow will assume *arguendo* that *Vaden's* look-through approach applies to the determination of subject matter jurisdiction over the Action to Vacate.

maintained "continuing federal question jurisdiction over Appellant's Action to Vacate under 28 U.S.C. § 1331" because the district court earlier compelled arbitration of claims against non-party Ameriprise in a related case, even though that case was dismissed without reference to continuing jurisdiction); Br. 24 (arguing that the federal courts have *exclusive jurisdiction* over Badgerow's Action to Vacate under 15 U.S.C. § 78aa because Badgerow cited to FINRA Rule 2040 in her Whistleblower claim); Br. 28-34 (drawing an extraordinary and erroneous comparison between Badgerow's reference to FINRA Rule 2040 in her Whistleblower claim and the plaintiff's direct challenge to FINRA's authority in *Turbeville v. Fin. Indus. Regulatory Auth.*, 874 F.3d 1268 (11th Cir. 2017)).

The district court's conclusion that "the award was based on state law as well as federal law because Badgerow included as part of the arbitration her joint employer claims that were grounded on federal employment law," ROA.1461, was a factual error that the Principals are now compounding in their arguments to this Court. *See, e.g.,* Br.7 (asserting that the Arbitration Panel dismissed "Badgerow's claims against the Principals and Ameriprise with prejudice, *including the Title VII and EPA joint employer claims*. (ROA.128-37.)") (emphasis added). Claims under Title VII and the EPA were never referenced in Badgerow's Second Statement of Claim, were never presented during the

arbitration, and never formed a part of the Arbitration Award.[2] The district court's decision to base federal question jurisdiction on that factual error and on its misperception of Badgerow's arbitration claim against Ameriprise was legal error and should be reversed.

# ARGUMENT

## I. BADGEROW NEVER ASSERTED TITLE VII OR EPA CLAIMS IN THE ARBITRATION AND SUCH CLAIMS WERE NEVER PART OF THE ARBITRAITON AWARD.

The Principals have asserted in their brief that Badgerow's arbitration claim against Ameriprise "raises substantial question of federal employment law." Br.20-21. In their opposition to Badgerow's Motion to Remand, the Principals never raised the arbitration claim against Ameriprise as a basis for federal question jurisdiction. *See* ROA.980-993. Instead, the district court raised the issue *sua sponte*, while declining to decide the sufficiency of the basis cited by the Principals (i.e., that Badgerow's claim necessarily required the interpretation of securities laws).

The Principals had the burden of proving that there was federal question jurisdiction over Badgerow's Action to Vacate. Because the Principals never raised

[2] The parties never agreed to the arbitration of statute-based employment discrimination claims. *See* FINRA Rule13201(a). Badgerow never asserted Title VII or EPA claims in the arbitration. *See* ROA.168-185. Badgerow's sole arbitration claim against Ameriprise was for a declaratory judgment that Ameriprise was a joint employer. *See* ROA.185. Likewise, the Arbitration Panel never made any other decision than to find that "Claimant failed to prove Ameriprise was a 'joint employer.'" ROA.132. *Compare* ROA.1461 (the district court erroneously concluded that "the [arbitration] award included federal claims").

the jurisdictional basis used by the district court to deny remand, the Principals should be deemed not have met their burden of persuasion or burden of proof on the issue they never raised, that is, federal question jurisdiction over the claims against non-party Ameriprise. Furthermore, the district court's decision to provide (and rely upon) a jurisdictional basis that was never raised by the Principals should be considered as contrary to the rule expressed by this Court that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, the district court went out of its way to find ways to justify the Principals' removal. *See also* ROA.1460 n.5 (the district court should never had added the following factor in deciding not to remand: "The Court errs on the side of assuming that the *Vaden* look through approach could apply to a petition to vacate because Badgerow can raise this issue on appeal but if the Court remands this matter for lack of subject matter jurisdiction then the Principals will have no appeal option.").

The district court's misperception of key facts concerning Badgerow's action to vacate is evident in the following two sentences from the Denial of Remand Order.

> This Court is persuaded that Badgerow cannot deprive the Court of subject matter jurisdiction over an action to vacate the award by stripping off a single state law claim as a basis for attacking the award. Because the award itself included federal claims, the

> Court is persuaded that federal question jurisdiction applies notwithstanding the artfully pleaded petition.

ROA.1461 (footnote omitted).

First, Badgerow did not "strip off a single state law claim" in her Action to Vacate. Badgerow's Action to Vacate encompasses all arbitration claims against the Principals. *See* ROA.41 ("Plaintiff requests that this Honorable Court issue an order *vacating the arbitration award* since such award was procured through fraud or undue means") (*emphasis added*). As Badgerow noted in the Memorandum in Support of the Action to Vacate, to vacate an arbitration award, the movant only needs to demonstrate that the fraud materially related to *an issue* in the arbitration. ROA.33, 36. Badgerow has no obligation to demonstrate that the fraud related to *every* issue in the arbitration before obtaining an order vacating the entire arbitration award. *But see* ROA.1460-61 (the district court incorrectly concluded: "Badgerow's position is that the petition only involves state law *because she only seeks to vacate the award with respect to the state law whistleblower claim*.") (emphasis added).

The only arbitration claim that Badgerow did not include in her Action to Vacate was her arbitration claim against Ameriprise, i.e., the joint employer claim. ROA.21 (Action to Vacate states: "Plaintiff does not seek to vacate the Award to the extent such FINRA Award dismisses Ameriprise Financial Services, Inc."). Ameriprise had already filed its motion to confirm the arbitration award in *Badgerow*

*v. REJ* when Badgerow filed her Action to Vacate. *See* ROA.19-30584.5676-96. Ameriprise's Motion to Confirm did not include the Principals as parties to the motion. Had *the Principals* filed a lawsuit[3] to confirm the Arbitration Award before Badgerow filed her Action to Vacate, that lawsuit would have had to include the identical arbitration claims at issue in Badgerow's Louisiana lawsuit.

Second, Badgerow made no claims for violations of Title VII or the EPA in the FINRA Arbitration. Under FINRA's rules, claims alleging employment discrimination in violation of a statute are not required to be arbitrated and may only be arbitrated if the parties have so agreed. *See* FINRA Code of Arbitration for Industry Disputes Rule 13201(a); *See also Ffrench v. PricewaterhouseCoopers Corporate Fin., LLC*, CIVIL ACTION NO. H-12-0291 at pg. 6 (S.D. Tex. May. 24, 2012) (interpreting FINRA Rule 13201(a)). The parties never agreed to arbitrate employment discrimination claims in FINRA, but were required to arbitrate the issue of whether Ameriprise was a joint employer with REJ Properties. *See, e.g.,* Ameriprise Agreements, ROA.960, 967. Badgerow's Second Amended and Restated Statement of Claim contains no claims under Title VII or the EPA. In the

[3] The Principals refused to intervene in *Badgerow v. REJ* after two separate motions to confirm the arbitration award were filed. Because they refused to submit to the district court's jurisdiction in *Badgerow v. REJ*, the Principals were always going to have to file a separate action against Badgerow to confirm the arbitration award. As a consequence of the Principals' decision not to take part in the motions to confirm in *Badgerow v. REJ,* Badgerow was always going to have to be a party to a separate lawsuit concerning the Principals and the arbitration award. It was happenstance that Badgerow was provided with the information forming the basis for her Action to Vacate in the intervening period.

Arbitration, the only relief that Badgerow requested against Ameriprise was for a declaratory judgment.

> Badgerow seeks a declaratory judgment that Ameriprise's conduct in this matter created a Joint Employer relationship with WMT.

ROA.185. In her arbitration claim against Ameriprise, Badgerow referenced the conduct in *Badgerow v. REJ* as separate from the allegations in the arbitration:

> Sitting idly by and watching the illegal conduct of its franchise advisors and then helping to cover up such conduct, Ameriprise tacitly participated in all the conduct Ms. Badgerow alleges herein and in the Federal Complaint with regard to discrimination and other employment issues described herein. In addition to the other specific allegations asserted herein, Ms. Badgerow asks for this panel to find Ameriprise liable as a joint employer with Respondents.

ROA.184. A prerequisite for liability against Ameriprise under Title VII and the EPA, as well as for liability for the state-law claims asserted in the Arbitration, was a finding that Ameriprise was a joint employer of Badgerow. Ameriprise asserted during the arbitration that it was not a joint employer under both federal and state definitions of "employer." The only finding by the Arbitration Panel regarding Ameriprise was as follows:

> The case proceeded to hearing on August 27 and 28, 2018. After the close of Claimant's case, Ameriprise and Meyer made oral motions to dismiss . . . After hearing arguments of counsel, the Panel granted Ameriprise's motion to dismiss on the basis that Claimant failed to prove Ameriprise was a "joint employer."

ROA.132. The Arbitration Award contains no reference to claims made under Title VII or the EPA because those claims were never part of the arbitration. *See* ROA.128-132. *Compare* Br.7 ("On December 27, 2018, the FINRA panel issued an Award ('FINRA Award') dismissing Badgerow's claims against the Principals and Ameriprise with prejudice, including the Title VII and EPA joint employer claims. (ROA.128-37.)" ).[4]

Even if Badgerow had asserted Title VII and EPA claims against Ameriprise in the Arbitration, Badgerow's only arbitration claims against the Principals were state-law claims. Badgerow's arbitration claim against Ameriprise, seeking to have Ameriprise declared a joint employer, is entirely irrelevant to Badgerow's Action to Vacate. Badgerow never asserted that Ameriprise committed fraud, Ameriprise is not a party to the Action to Vacate, and allowing subject matter jurisdiction to be based upon an earlier claim against a non-party would greatly expand the limited jurisdiction of federal courts.

## II. BADGEROW'S ACTION TO VACATE IN STATE COURT WAS NOT GOVERNED BY THE FAA AND THE FAA DOES NOT CONFER JURISDICTION.

[4] The Principals rely heavily on the district court's January 10, 2018 ruling compelling arbitration against Ameriprise for their understanding of Badgerow's later-asserted arbitration claim against Ameriprise. Subject matter jurisdiction can only be based on what Badgerow alleged in her Second Amended Claims, and not based on a court ruling that preceded the assertion of the arbitration claim against Ameriprise.

Badgerow agreed to arbitrate disputes with Ameriprise pursuant to the AFG Agreement, the AFA Agreement, and her U4 Form. The AFG Agreement and the AFA Agreement are expressly governed by the FAA. ROA.157-158, 165. But these agreements to arbitrate are only between Badgerow and Ameriprise, a fact acknowledged by the District Court when it denied REJ's Motion to Compel arbitration:

> Nonetheless, the Ameriprise agreements that contain the arbitration clauses could not be clearer in that the only two parties to those agreements are Badgerow and Ameriprise. Neither Walters nor REJ Properties nor WMT are parties to those agreements.

ROA.877.

Badgerow's only agreement to arbitrate with the Principals was the FINRA Submission Agreement, which Badgerow signed when she voluntarily submitted her state-law claims to the FINRA arbitration panel. ROA.238-41. The Submission Agreement does not provide that it is governed by the FAA. It instead states, "The parties further agree that a judgement and any interest due thereon may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to the jurisdiction of any court of competent jurisdiction which may properly enter such judgement." ROA.238-241.

Even if the FAA applied to Badgerow's Action to Vacate against the Principals, the FAA does not provide an independent basis for federal subject matter jurisdiction

over federal court proceedings concerning domestic arbitrations. *See Vaden v. Discover Bank*, 556 U.S. 44, 50 (2009); 9 U.S.C. § 4 (specifying that federal district courts have jurisdiction in an action under the Federal Arbitration Act only where there is an independent basis for jurisdiction under title 28). Thus, the FAA cannot form the basis for subject matter here.

## III. THE DISTRICT COURT NEVER RETAINED CONTINUING JURISDICTION IN BADGEROW V. REJ

The Principals have asserted that the district court "held continuing jurisdiction over Badgerow's Action to Vacate the FINRA Award since Judge Zainey had previously ordered the joint employer claims to arbitration and stayed the remaining claims as to Ameriprise. (ROA.19-30584.367-75.)" Br.13.

In a similar case before this Court, the removing party argued that a related case could serve as a jurisdictional "anchor" for the removed case. *See Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 260 (5th Cir. 2014) ("That a related case was pending in federal court [i]s not in itself sufficient grounds for removal under 28 U.S.C. § 1441.") (quoting *Fabricius v. Freeman*, 466 F.2d 689, 693 (7th Cir. 1972)). Even where a court retains "continuing jurisdiction" in a related case over certain matters, such continuing jurisdiction is insufficient to create jurisdiction over a removed case. *Id.* at 261.

If the Principals had known that they would base their removal argument on subject matter jurisdiction in *Badgerow v. REJ*, they should have intervened and sought an order from the district court, conditioning dismissal of Plaintiff's claims in *Badgerow v. REJ* on retention of jurisdiction over later disputes concerning the arbitration. The Principals never sought such relief and *Badgerow v. REJ* was dismissed without the district court retaining "continuing jurisdiction" over anything.

## IV. BADGEROW NEVER SOUGHT TO ENFORCE ANY DUTY OR LIABILITY UNDER THE FEDERAL SECURITIES LAWS.

The first regulation at issue in Badgerow's Whistleblower claim is an SEC "Books and Records" requirement that provides that broker-dealers keep written compensation agreements with commissioned employees. *See* 17 CFR § 240.17a-3.

The second rule is FINRA Rule 2040, which provides**:** "No member or associated person shall, directly or indirectly, pay any compensation, fees, concessions, discounts, commissions or other allowances to . . . any person that is not registered as a broker-dealer under Section 15(a) of the Exchange Act." FINRA Rule 2040. After Badgerow informed Ameriprise of the violations of the above-referenced rules, the Principals fired Badgerow. This was the basis of Badgerow's Whistleblower action.

In the Arbitration Award, the Arbitration Panel described Badgerow's claims in its dismissal ruling:

> After due deliberation, the Panel granted the Individual Respondents' motions to dismiss and found that Claimant did not: 1) establish liability for the Individual Respondents under the Louisiana Whistleblower Act; 2) prove a tortious interference with contract claim against the Individual Respondents; and 3) prove any claim against the Individual Respondents under the Louisiana Unfair Trade Practice Act or establish any other basis for recovery under the Amended and Restated Statement of Claim.

ROA.132. Nowhere in the Arbitration Award is there a reference to Badgerow seeking to enforce any duty or liability under the securities laws.

The Principals' proposed rule would mean that any Whistleblower claim in any state action that alleges retaliation for complaining about violations of SEC rules or FINRA rules would immediately be deemed to invoke federal question jurisdiction. Any other state tort action that references such rules would similarly be permitted in federal court.

## V. COURTS HAVE ROUTINELY HELD THAT REFERENCES TO FINRA RULES, SUCH AS THE REFERENCE IN BADGEROW'S WHISTLEBLOWER CLAIM, DO NOT CREATE FEDERAL QUESTION JURISDICTION.

### A. The Holding in *Turbeville* is Inapplicable to Badgerow's Reference to FINRA Rule 2040 or to Her Whistleblower Claim.

The Principals erroneously contend that the Eleventh Circuit's decision in *Turbeville v. Fin. Indus. Regulatory Auth.*, 874 F.3d 1268 (11th Cir. 2017) is

similar to the FINRA Rule 2040 issue here. *Turbeville* is one of a long line of cases where an SRO such as FINRA was a party to a state lawsuit and where the federal courts decided that the state lawsuit concerned a substantial federal question and denied remand. *See, e.g., NASDAQ OMX Group, Inc. v. UBS Securities, LLC*, 770 F.3d 1010 (2d Cir. 2014) (finding all of plaintiff's supposed state law claims were derived directly from federal law, including allegations concerning "NASDAQ's duty to operate a fair and orderly market."); *Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc.*, 149 F.3d 330, 331-32 (5th Cir.1998) (concluding that plaintiff's claims against SRO of breach of duty, conspiracy to deny relief, and failure to supervise, "though carefully articulated in terms of state law, are actions at law seeking to enforce liabilities or duties created by federal securities laws which are governed exclusively by federal courts pursuant to 15 U.S.C. § 78aa"). In *Turbeville*, the Eleventh Circuit ruled that because of the significant federal interests at issue and that state-court rulings would undermine those interests:

> If actions like Turbeville's are permitted, fifty state courts would be authorized to supervise FINRA's regulatory conduct and its application of its internal, SEC-approved rules through the vehicle of state tort law. And given SROs' front-line role in enforcing federal securities laws, such review would in turn lead to state-court supervision of the Exchange Act's securities-regulation regime writ large.

*Turbeville*, 874 F.3d at 1277. *Turbeville* and cases like it are not about whether a

particular party violated a particular FINRA rule in a dispute between two private parties. Instead, these are cases that the courts perceive as attacking the very existence of FINRA and its ability to adopt and to apply its own private rules governing the securities industry pursuant to federal securities law. In *Turbeville*, the court determined that any attempt to seek relief under state tort law was preempted by federal law, and then affirmed the district court's dismissal of the plaintiff's action because federal law provide no right of action. In contrast, there is nothing that a Louisiana court could decide concerning Badgerow's Whistleblower claim and Rule 2040 that would have any impact on FINRA's conduct or on FINRA's interpretation or application of its own rules.

In a 2009 case, the Southern District of Texas noted "the great weight of authority that a breach of the FINRA/NASD rules constitutes a breach of a private association's rules but does not present a question arising under the laws of the United States within the meaning of § 1331." *Apollo Prop. Partners, LLC v. Newedge Fin., Inc.*, No. CIV.A. H-08-1803, 2009 WL 778108, at *2 and n.14 (S.D. Tex. Mar. 20, 2009) (citing cases holding that breach of FINRA and predecessor National Association of Securities Dealers, Inc. (NASD) rules does not provide a question under federal law). *See also Cavallaro v. Mendelsohn*, Civ. Action No. 19-10508-FDS (D. Mass. May. 9, 2019) (rejecting argument that claims involving a breach of FINRA rules necessarily rely on federal law

and citing *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 259 (6th Cir. 1994)); *Blood v. Efficient Advisors, LLC*, Case No. A-17-CA-406-SS at 6 (W.D. Tex. Jun. 8, 2017) ("a breach of FINRA rules does not present a question arising under federal law").

The plaintiff in *Apollo* was actually using the violation of a FINRA rule as evidence of the standard of conduct to support a negligence action against the broker. The conduct in *Apollo* was closer to an attempt to enforce a FINRA rule than the facts at issue here, but even then, the *Apollo* court refused to find federal question jurisdiction. Badgerow's use of FINRA Rule 2040 is different. She never sought to enforce Rule 2040 or to establish liability for the violation of Rule 2040. Instead, she sought liability for retaliatory termination after she complained about the Principals' violation of Rule 2040.

### B. The Principals' Argument that Plaintiff's Reference to Rule 2040 Requires the Interpretation of Several of the Exchange Act's Provisions is a Red Herring.

In an effort to demonstrate that Plaintiff's reference to FINRA Rule 2040 creates a substantial question of federal law, the Principals cite to *Dervan v. Gordian Grp. LLC*, No. 16-CV-1694, 2017 WL 819494, at *9 (S.D.N.Y. Feb. 28, 2017). First, subject matter jurisdiction in *Dervan* was based on diversity of citizenship, not on federal question jurisdiction. *Id.* at *1. Second, the district court in *Dervan* appropriately held that whether a party is a broker dealer is a fact-specific inquiry

based on the definitions provided in the Exchange Act. *Id.* at *10. Nevertheless, this "fact-specific inquiry" under the Exchange Act did not create subject matter jurisdiction in *Dervan*. Third, and most importantly, the Principals failed to inform this Court that there is no dispute between the parties regarding whether REJ is a broker dealer under the Exchange Act. Badgerow asserted that the Principals had violated Rule 2040 by using REJ, an unregistered entity, to pay commissions in violation of Rule 2040. The Principals have never disputed that REJ was unregistered. *See, e.g.,* ROA.31 (the Principals asserted in the arbitration that "[REJ is] neither a broker or a dealer so they need not be registered for anything" and stated "REJ was never a broker dealer, we concede"). Indeed, during the arbitration, the Principals' counsel turned the question of whether REJ was a registered entity on its head, making it appear as though Badgerow was claiming that it was REJ[5] which had committed the FINRA and SEC rule violations:

> In essence, the Claimant is alleging that REJ Properties[,] because they paid Ms. Badgerow some commission-based compensation[,] would have to be a broker dealer. That is perhaps the biggest stretch of the Exchange Act that I've ever heard in my years of practice. See Exhibit H, Transcript from Hearing on Motion to Dismiss at pg. 7.

[5] The Principals' recitation of the facts here may also have left the incorrect impression that Badgerow's report of the violation of FINRA Rule 2040 was addressed at REJ's conduct, and not the conduct of the Principals, who are registered broker-dealers and who violated Rule 2040 in paying commissions through REJ.

ROA.31. Thus, the supposed "substantial question of federal law"[6] is a red herring. REJ's status as an unregistered entity is an undisputed question of fact and law.

## CONCLUSION

For the foregoing reasons, and those set forth in Badgerow's opening brief, the district court's denial of Badgerow's Motion to Remand should be reversed and the judgment vacated with directions to remand Badgerow's Action to Vacate to the state court.

[6] During the Arbitration, the Principals repeatedly downplayed the significance of the rules that they now assert are so substantial that the rules may in fact create exclusive jurisdiction in federal court. *See, e.g.,* ROA.30-31 (quoting from statements of the Principals and their counsel concerning the alleged violations of the two rules).

SUBMITTED BY:

S/Amanda Jeanne Butler
Amanda Jeanne Butler
Business Law Group
700 Camp Street
New Orleans, LA 70130

## CERTIFICATE OF SERVICE

I certify that on December 26, 2019, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the following registered CM/ECF users:

Eve Masinter of Breazeale, Sachse & Wilson, L.L.P. New Orleans, LA
Ernst Preis of Breazeale, Sachse & Wilson, L.L.P. New Orleans, LA
Matthew McCluer of Breazeale, Sachse & Wilson, L.L.P. New Orleans, LA

S/Amanda Jeanne Butler
Amanda Butler, Esq.
La Bar Roll Number 31644

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. *32(a)(7)(B)* because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) : this document contains 4618 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because:

this document has been prepared in a proportionally spaced typeface using *Word* in Times New Roman 14-point font.

S/Amanda Jeanne Butler

4818-9024-4015, v. 1